UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDREW ALBANESE,

                        Petitioner,

                     -v.-                                     9:05-CV-0572
                                                              (NAM)(GHL)

THOMAS LOUGHREN, Chenango County Sheriff
and JOSEPH MCBRIDE, District Attorney,

                        Respondents.

APPEARANCES:

ANDREW ALBANESE
Petitioner, *pro se*
Chenango County Correctional Facility
14W Park Place
Norwich, New York 13815

NORMAN A. MORDUE, United States District Judge

## ORDER

     The Clerk has sent to the Court a petition for a writ of habeas corpus submitted by Andrew Albanese ("petitioner") pursuant to 28 U.S.C. § 2254, together with an application to proceed *in forma pauperis*. Dkt. Nos. 1 and 2. Petitioner is confined at Chenango County Correctional Facility and has not paid the fee required for this action.

     Petitioner, a pretrial detainee, challenges his present confinement on various grounds including denial of a speedy trial pursuant to New York Criminal Procedure Law (CPL) 30.30, denial of due process, ineffective assistance of counsel during the pretrial phase, and failure of the prosecution to notify petitioner of grand jury proceedings pursuant to CPL 190.50(5)(a). Dkt. No. 1, Petition at 2-4. Petitioner alleges that he was originally arraigned on misdemeanor charges of possession of stolen property in August 2004. Dkt.

No. 1, Memorandum of Law at 2.  He was unable to post bail and remained in custody.  On November 1, 2004, he was arraigned on additional charges under the same indictment.  *Id*.  At this second arraignment, petitioner states that he had his first contact with his defense counsel.  *Id.*  Bail was increased; petitioner was unable to post the increased bail.  *Id.*  Petitioner alleges that a trial date was originally set for February 2005, but has been postponed several times.  *Id*., Memorandum of Law at 3.  It appears that petitioner has not been tried on the charges for which he is detained.

>28 U.S.C. § 2254 provides, in salient part:
>
>(b) (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>   (A)   the applicant <u>has exhausted the remedies available in the courts of the State</u>...

28 U.S.C. § 2254(b)(1)(A) (emphasis added).  This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies."  *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc).  The exhaustion doctrine provides that "a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim."  *Id*. at 191 (citations omitted); *Thomas v. Scully*, 854 F.Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral relief unless 'the applicant has exhausted the remedies available in the courts of the State.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).  This requirement that federal courts decline to

exercise habeas review unless the state courts have first had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations omitted). "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id*. (footnote omitted).

In the present case, it does not appear that petitioner exhausted the state court remedies available to him regarding his claims. Petitioner states that he filed a motion in state court to dismiss his indictment as well as a state habeas corpus petition. Dkt. No. 1, Petition at 3. Petitioner states that he has not received a ruling on either of these state court applications. *Id.* It is thus clear that this federal habeas petition is premature because petitioner has not exhausted his available state court remedies.

Moreover, most of petitioner's claims concern violations of New York state statutes.

> The writ of habeas corpus ... was never conceived to be the means by which a state proceeding can be aborted or a decree by which the orderly functioning of the State's judicial processes can be disrupted. Nor is the federal habeas corpus to be converted "into a pretrial motion forum for state prisoners."

*York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 508 (1972).[1]

Because petitioner has not exhausted his available state court remedies, the petition

---

[1] In *Braden*, the Supreme Court recognized the right of a pretrial detainee to commence a federal habeas petition challenging the state's denial of a speedy trial. *See Braden*, 410 U.S. at 488-93. In doing so, however, "*Braden* did not abrogate the requirement that the petitioner exhaust all available state remedies as a prerequisite to federal jurisdiction." *United States ex rel McCrawford v. Singerman*, 369 F. Supp. 641, 643 (S.D.N.Y. 1973) (citations omitted).

is dismissed, without prejudice. *See United States, ex rel. McCrawford*, 369 F. Supp. at 643 (the pendency of petitioner's state court motion to dismiss and the failure of petitioner to seek state habeas relief regarding pretrial delay required dismissal of federal habeas corpus petition for failure to exhaust state court remedies); *see also United States ex rel. Scranton v. New York*, 532 F.2d 292, 296 (2d Cir. 1976) (pretrial detainee challenging denial of speedy trial not entitled to federal habeas corpus relief where state court remedies had not been exhausted).

In light of the fact that this action is dismissed, petitioner's *in forma pauperis* application is denied as moot.

WHEREFORE, it is hereby

ORDERED, that for the reasons stated above, the action is dismissed, without prejudice, and it is further

ORDERED, that petitioner's *in forma pauperis* application is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on petitioner.

IT IS SO ORDERED.

Dated: June 20, 2005

Norman A. Mordue
U.S. District Judge